NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0671n.06

No. 11-6094

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 22, 2012*

LEONARD GREEN, Clerk

MIDAMERICAN DISTRIBUTION, INC., )
)
    Plaintiff-Appellant, ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
v. ) THE EASTERN DISTRICT OF
) KENTUCKY
CLARIFICATION TECHNOLOGY, INC., ET AL., )
)
    Defendants-Appellees. )

Before: SILER and KETHLEDGE, Circuit Judges; GRAHAM, District Judge.[*]

KETHLEDGE, Circuit Judge. This diversity case arises out of an alleged breach of contract and unjust enrichment concerning the sale of frying-oil filters. The district court granted summary judgment to Clarification Technology, Inc. and CRS Holding, AG, primarily on grounds that the putative agreement was too indefinite to be enforceable under Kentucky law. We review the court's opinion de novo. *See CMACO Auto. Sys., Inc. v. Wanxiang America Corp.*, 589 F.3d 235, 241 (6th Cir. 2009).

The district court's opinion was notably thorough and well-reasoned. We affirm primarily for the reasons stated in that opinion, and will only add to it briefly here. MidAmerican argues that it presented sufficient evidence for the court to find the "full and complete terms" of the contract.

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

MidAmerican says that the court should have incorporated the August 2006 meeting minutes, and that what the district court called ongoing "negotiations" were actually CTI's attempts to change the terms of the contract. But here all of the key documents—specifically, the meeting minutes and emails—leave material terms like pricing and duration to future negotiations. And negotiations did in fact continue on specification fees and payment terms well into 2007. We therefore agree with the district court that there is no contract here for us to enforce. *See Cinelli v. Ward*, 997 S.W.2d 474, 477-78 (Ky. Ct. App. 1998).

MidAmerican also argues that the district court erred in denying recovery for its unjust enrichment claim. Under Kentucky law, however, a plaintiff cannot recover on such a claim when it performed services "in its own commercial self-interest[.]" *See Realty Unlimited, Inc. v. Ball Homes*, 2009 WL 50179 at *6 (Ky. Ct. App. Jan. 9, 2009). And under a related doctrine, quantum meruit, recovery is barred when a plaintiff acted "without any thought of direct cash compensation but with a view to obtaining business through a hoped-for contract." *Quadrille Business Systems v. Kentucky Cattlemen's Association, Inc.*, 242 S.W.3d 359, 367 (Ky. Ct. App. 2007). That is precisely the scenario here: MidAmerican performed services not for direct compensation, but to benefit itself by obtaining a new contract. The services were therefore performed in MidAmerican's own commercial interest. That MidAmerican ultimately could not agree on the terms of a contract with CTI does not change that fact.

Finally, MidAmerican argues that the district court erred in its denial of leave to file a second amended complaint. MidAmerican filed its motion to amend after the defendants had already filed a motion for summary judgment. It is true that the deadline for dispositive motions had not yet

passed when the defendants filed their motion. But the plaintiff's motion to amend still came after the case had been pending 40 months and after the defendants had correctly identified the defects in MidAmerican's claims. A plaintiff is not entitled as a matter of law to amend his complaint after the defendant identifies its defects at an advanced stage of the litigation. The district court was within its discretion to deny the motion to amend. *See generally Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

The district court's judgment is affirmed.